IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-766-L** |
| | § | |
| **JACQUEN MCDANIEL,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed June 24, 2016. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.   Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on March18, 2016, against Jacquen McDaniel ("Defendant" or "McDaniel"). This action arises from the failure of McDaniel to make the required payments on a loan she obtained on January March 26, 2001.

The loan was disbursed for $59,054.22 and $127,196.18 on May 30, 2001, at 8.25% interest per annum. The loan was made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685). After demand of payment by the United States, McDaniel defaulted on the loans on May 4, 2002.

McDaniel was served with a copy of the summons and Complaint on April 22, 2016. She was required to answer or otherwise respond to the Complaint by May 13, 2016, 21 days after

**Memorandum Opinion and Order – Page 1**

service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, McDaniel has not answered or otherwise responded to the Complaint.

On June 9, 2016, the United States requested the clerk of court to enter a default against McDaniel, and the clerk made an entry of default against McDaniel the same day. Plaintiff now requests the court to enter a default judgment against McDaniel and award it damages and applicable interest as a result of his default.

## II.   Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against McDaniel. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

McDaniel, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that McDaniel is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that McDaniel owed the United States as of January 6, 2016, was $408,925.48 ($186,250.40 in principal and $222,675.08 in interest). Interest accrues on the principal at the rate of $42.07 per day. The number of days from January 6, 2016, to June

24, 2016, is 170, which results in additional interest in the amount of $7,151.90. Therefore, the total amount of judgment to which the United States is entitled is **$416,077.38.**

### III.   Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$416,077.38.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 24th day of June, 2016.

Sam A. Lindsay
United States District Judge